UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-118 |
| | ) | |
| STEPHANIE ANNE BIGGERS, PAUL CURTIS LOCKHART, and KAREN DARLENE CASTLEBERRY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Daniel Eric Cobble is a frequent litigant before this Court and has filed a case ostensibly concerned with his parental rights and a common law marriage. *See, generally*, doc. 1. As plaintiff has failed to remit the required filing fee, failed to establish jurisdiction, and continues to engage in the abusive and vexatious behavior that has previously prompted the imposition of filing restrictions, the Court **RECOMMENDS** that this case be **DISMISSED**.

Plaintiff has failed to remit the necessary filing fee in this case. As plaintiff is well aware from his extensive history with the federal courts, civil lawsuits require plaintiffs to remit a filing fee or to receive a waiver

of such fee. 28 U.S.C. §§ 1914, 1915; *see also*, *Cobble v. United States Gov't, et al.*, CV6:20-100, doc. 61 at 1–2 (S.D. Ga. Mar. 31, 2021) (explaining to plaintiff the filing fee requirement). Plaintiff did not remit the required fee at the time of filing and expressly stated that he does not wish to proceed *in forma pauperis*. *See* doc. 4 (motion for the Court to acknowledge that the Complaint was not filed under 28 U.S.C. § 1915 and that plaintiff is not indigent). The Clerk of Court notified plaintiff of the deficiency and provided the forms to request a waiver of the fee, but he did not respond. Doc. 26.

Concurrent to filing the Complaint, plaintiff filed nearly two dozen motions and notices. Docs 2–24. Many of these motions relate to his belief that he is not required to remit the filing fee prior to filing and that the Court can obtain the funds from a Georgia Department of Revenue unclaimed property account.[1] *See, e.g.*, doc. 5 (motion for Court to admit that fee is no required prior to filing); doc. 12 (motion for Court to admit

---

[1] Plaintiff seems to misunderstand the separation of powers between the branches of the government and federalism—the allocation of governmental power between the federal and state governments. The Court, as part of the federal judicial branch, has no relationship with, and cannot "withdraw" funds from, the Georgia Department of Revenue, an instrumentality of the state executive branch. Even supposing some mechanism existed to accomplish the "withdrawal," to do so would ignore foundational aspects of how the American government is structured.

that it is not protecting plaintiff's rights by not retrieving his money); doc. 15 (motion for Court to contact Georgia Department of Revenue); doc. 23 (notice for Court to admit it can get plaintiff's money for the Georgia Department of Revenue account). The Court has previously explained to plaintiff that this belief is incorrect. *Cobble v. United States Gov't, et al.*, CV6:20-100, doc. 61 at 1–2 (S.D. Ga. Mar. 31, 2021). As plaintiff has failed to remit the necessary filing fee, the Complaint should be dismissed.

Plaintiff has also failed to establish the subject-matter jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction can be established through a complaint that presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1441(b).

Included in the Complaint is what plaintiff has captioned a "motion for diversity jurisdiction." Doc. 1 at 22. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Plaintiff alleges that he is currently incarcerated in southern Georgia and all defendants reside in northern Georgia. Doc. 1 at 22. As there is not complete diversity of citizenship between the parties, diversity jurisdiction does not exist.[2]

Subject-matter jurisdiction may also be based on a federal question. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v.*

---

[2] Even if subject-matter jurisdiction exists, the Southern District of Georgia is an improper venue. "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). As plaintiff concedes that all defendants reside in the Northern District of Georgia and has pointed to no events occurring this district, dismissal of the Complaint or transfer is appropriate.

*Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).  Plaintiff's Complaint is difficult to understand and the Court can discern no reference to a specific federal statutory or constitutional claim.  The closest plaintiff approaches a federal question is in referencing "fed[eral] parental rights" and "fed[eral] law recogniz[ing] state marriage laws as same as fed[eral] when it comes to common law marriage."  Doc. 1 at 25.  It is not clear what he believes these rights to be beyond recognition of the relationships created by state law.[3]  Even if such federal rights exist, he identifies to no available federal cause of action.  As plaintiff has failed to establish subject-matter jurisdiction based on a federal question or the diversity of the parties, the Complaint should be **DISMISSED**.  *See, e.g.,* Fed. R. Civ. P. 12(h)(3).

The Court is also obligated to address plaintiff's history as an abusive and vexatious litigant.  He is a prolific filer and engages in the abusive practice of filing a multitude of nonsensical and transparently

---

[3] The Court notes that Cobble believes his marriage and parental rights derive from a common-law marriage in Alabama or Tennessee.  Doc. 1 at 5 & 26.  Alabama abolished common law marriage in 2017, but continues to recognize those entered into prior to January 1 of that year.  Ala. Code. § 30-1-20.  Common-law marriage is not recognized in the state of Tennessee.  *See Martin v. Coleman*, 19 S.W.3d 757. 760 (Tenn. 2000) ("In Tennessee, marriage is controlled by statute, and common-law marriages are not recognized."); *see also Ivey v. Wells Fargo Home Mortg.*, 2015 WL 12826638, at * 2 (W.D. Tenn. Sep. 28, 2015).

meritless motions in his cases. This regular deluge of frivolity amounts to little more than a waste of the Court's resources. Plaintiff has been warned about this behavior, including on the very week that this case was filed, *see Cobble v. United States Gov't, et al.*, CV6:20-100, doc. 57 at 2–3 (S.D. Ga. Dec. 3, 2020), and the Court has recently imposed filing restrictions on him in an effort to quell his inappropriate conduct. *Id.*, doc. 61 (S.D. Ga. Mar. 31, 2021). The Middle District of Georgia has taken a similar step. *See Cobble v. Neely,* 2019 WL10303649, at *3–4 (M.D. Ga. Jan. 31, 2019) (imposing a two-year filing restriction) *aff'd Cobble v. United States Gov't*, 816 Fed. App'x. 355, 360 (11th Cir. 2020).

All parties to federal lawsuits, including those proceeding *pro se*, must comport their filings to the requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R Civ. P. 11(b).  The rule further provides that:

(3) On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(3)–(4).

Plaintiff's mass of filings is clearly intended to frustrate the litigation process.  Many of his motions ask the Court to make an admission of a general concept.  *See* doc. 12 (motion for an admission that it is the Court's job to protect plaintiff's perceived rights); doc. 19 (motion for the Court to acknowledge that plaintiff is asking relief from a jury, not the Court); doc. 23 (motion for Court to admit that it can retrieve plaintiff's money).  Other are redundant.  Doc. 5 (requesting the Court to

acknowledge that it can retrieve plaintiff's money to pay fees); doc. 15 (requesting Court to contact department of revenue to retrieve funds for filing fee); doc. 23 (motion for Court to admit that it can retrieve plaintiff's money). At least one is unnecessarily vulgar and insulting. Doc. 7 (referring to the undersigned and another magistrate judge in vulgar terms).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (*en banc*). Plaintiff is **DIRECTED** to **SHOW CAUSE** within the 14 days provided for submitting objections to this Report and Recommendation why sanctions—including but not limited to the dismissal of this Complaint—should not be imposed for his abusive behavior.

Accordingly, the Court **RECOMMENDS** that the Complaint be **DISMISSED** for plaintiff's failure to remit the necessary filing fee and for a lack of subject-matter jurisdiction. Plaintiff is also **DIRECTED** to **SHOW CAUSE** within 14 days as to why sanctions should not be imposed for his abusive and vexatious conduct. This report and

recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 11th day of June, 2021.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA